## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
## CIVIL ACTION No. 1:15-CV-83

| | |
|---|---|
| **CAPITAL ASSOCIATED INDUSTRIES, INC.,**<br><br>    **Plaintiff**,<br><br>  **v.**<br><br>**ROY COOPER**, in his official capacity as Attorney General of the State of North Carolina; **NANCY LORRIN FREEMAN**, in her official capacity as District Attorney for the 10th Prosecutorial District of the State of North Carolina; **and J. DOUGLAS HENDERSON**, in his official capacity as District Attorney for the 18th Prosecutorial District of the State of North Carolina,<br><br>    **Defendants**. | **COMPLAINT** |

## INTRODUCTION

1. This action for declaratory and injunctive relief is brought pursuant to the First and Fourteenth Amendments of the United States Constitution and Article I, section 34 of the North Carolina Constitution.

2. Plaintiff Capital Associated Industries, Inc. ("CAI") is a nonprofit, tax-exempt business association that provides human resources-related information, advice, data, education, legislative advocacy, and other benefits and services to member organizations throughout North Carolina.  Plaintiff wishes also to provide (and its

members wish to receive) efficient and low-cost legal advice and services related to human resource issues through licensed attorneys employed by CAI.

3.    Plaintiff is prevented from providing legal advice and services to its members, however, because of the threat that it will be prosecuted criminally under North Carolina law for doing so.  More particularly, N.C. Gen. Stat. §§ 84-4 and 84-5, which relate to the unauthorized practice of law (the "UPL Statutes"), proscribe the practice of law by any person other than a member of the North Carolina State Bar and by corporations, respectively.

4.    The UPL Statutes, as applied to Plaintiff, are unconstitutional for the following reasons:

  a. The UPL Statutes violate the Due Process Clause of the Fourteenth Amendment by prohibiting Plaintiff from practicing law for arbitrary and capricious reasons.

  b. The UPL Statutes violate the First Amendment by infringing on Plaintiff's associational right to provide legal advice and services to its members—a right well established by the United States Supreme Court in *NAACP v. Button*, 371 U.S. 415 (1963), and its progeny—and on Plaintiff's members' rights to associate to provide legal advice and services to one another.

  c. The UPL Statutes violate the First Amendment by prohibiting Plaintiff from speaking to its members based on (1) the content of Plaintiff's speech and (2) Plaintiff's corporate identity.

d. The UPL Statutes violate the First Amendment and the Fourteenth Amendment because they are impermissibly vague in that they do not adequately define "legal advice."

e. The UPL Statutes violate the First Amendment by prohibiting CAI from advertising itself as able and competent to offer legal advice and services to its members.

f. The UPL Statutes violate Article I, section 34 of the North Carolina Constitution by granting an exclusive privilege to a particular class of licensed attorneys (i.e., those practicing through particular channels such as law firms or solo practices, and *not* those employed by membership associations).

5. Plaintiff seeks a declaratory judgment that, as applied to CAI, the UPL Statutes are unconstitutional as well as preliminary and permanent injunctions enjoining Defendants from taking any action that would interfere with CAI (1) offering or delivering to its members—through CAI employees who are licensed to practice law in North Carolina—legal advice and services and (2) publicly advertising the availability of such legal advice and services for its members.

## PARTIES

6. Plaintiff CAPITAL ASSOCIATED INDUSTRIES, INC. is a nonprofit corporation organized under the laws of the State of North Carolina. It has its principal place of business in Raleigh, North Carolina, and an office in Greensboro, North

- 3 -

Carolina. CAI is a membership association of employers in North Carolina that have associated themselves to promote industrial development and progress.

7. CAI has standing to challenge the UPL Statutes on its own behalf because North Carolina law criminalizes the conduct, including speech, that CAI seeks to undertake but which it has foregone under the threat of criminal prosecution for the unauthorized practice of law.

8. CAI also has associational standing to challenge the UPL Statutes on behalf of its members because those members are directly affected and harmed by the inability to act collectively, through CAI, to make available to all members efficient and low-cost legal advice and services pertaining to the human resource, compliance, and management needs of their businesses.

9. Defendant ROY COOPER, Attorney General of the State of North Carolina, is the State's authorized legal representative charged with defending the interests of the State in all criminal and civil suits, and with advising district attorneys throughout the state. He is sued in his official capacity.

10. Defendant NANCY LORRIN FREEMAN, District Attorney for the Tenth Prosecutorial District of North Carolina, is responsible for the prosecution of crimes in the Tenth Judicial District, which encompasses all of Wake County, North Carolina. She is sued in her official capacity.

11. Defendant J. DOUGLAS HENDERSON, District Attorney for the Eighteenth Prosecutorial District of North Carolina, is responsible for the prosecution of

crimes in the Eighteenth Judicial District, which encompasses all of Guilford County, North Carolina. He is sued in his official capacity.

## JURISDICTION AND VENUE

12.  This action arises under the First and Fourteenth Amendments of the United States Constitution and Article I, section 34 of the North Carolina Constitution.

13.  This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this case arises under the Constitution and laws of the United States.

14.  The state-law claim asserted in this action by Plaintiff arises under the North Carolina Constitution and is properly joined in this action under the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

15.  Venue in this District is proper pursuant to 28 U.S.C. § 1391(b). Defendant Henderson resides in this District, and a substantial portion of the violations and harms complained of herein occurred, or will occur, in this District, where CAI has one of its two offices and where approximately thirty percent of CAI members have places of business.

## FACTUAL ALLEGATIONS

**I.    CAI is a nonprofit membership association.**

16.  The mission of CAI is to create and foster an environment in North Carolina workplaces that promotes the success of all employers through productive relationships with their employees.

17.     CAI is a nonprofit employers' association exempt from taxation under Section 501(c)(6) of the Internal Revenue Code. CAI's membership comprises approximately 1,080 employers across North Carolina. CAI members, through the payment of annual membership dues, pool their resources to make available to all members of CAI efficient, low-cost human resources-related information, advice, data, education, legislative advocacy, and other benefits and services pertaining to each member's human resources, compliance, and day-to-day management needs.

18.     In furtherance of its mission, CAI currently provides its members unlimited access to an "Advice and Resolution Team" ("A&R Team") that provides non-legal advice, education, and services related to a host of issues facing employers, including, but not limited to, wage and hour, Family and Medical Leave Act, immigration, performance management, disciplinary action, termination, handbook review, surveys, labor relations, and workers' compensation issues.

19.     A&R Team staff members have substantial experience in human resources. They are available to provide non-legal advice and education to CAI members ranging from general regulatory and compliance questions to complex problems. On average, the A&R Team fields 9,000 calls from CAI members each year.

20.     CAI provides members access to a "legal toolkit," which was written by a licensed attorney and provides general guidance and generic templates for basic and common legal documents.

21.     Because North Carolina law purports to prohibit the practice of law by CAI—even through licensed attorneys that it employs—the toolkit currently provides basic guidance only. The toolkit specifically advises members to seek independent legal advice to customize each document to the specific needs of that member.

**II.     North Carolina criminalizes the "unauthorized practice of law."**

22.     N.C. Gen. Stat. § 84-2.1 defines the practice of law as:

> [P]erforming any legal service for any other person, firm or corporation, with or without compensation, specifically including the preparation or aiding in the preparation of deeds, mortgages, wills, trust instruments, inventories, accounts or reports of guardians, trustees, administrators or executors, or preparing or aiding in the preparation of any petitions or orders in any probate or court proceeding; abstracting or passing upon titles, the preparation and filing of petitions for use in any court, including administrative tribunals and other judicial or quasi-judicial bodies, or assisting by advice, counsel, or otherwise in any legal work; and to advise or give opinion upon the legal rights of any person, firm or corporation: Provided, that the above reference to particular acts which are specifically included within the definition of the phrase "practice law" shall not be construed to limit the foregoing general definition of the term, but shall be construed to include the foregoing particular acts, as well as all other acts within the general definition. The phrase "practice law" does not encompass the drafting or writing of memoranda of understanding or other mediation summaries by mediators at community mediation centers authorized by G.S. 7A-38.5 or by mediators of employment-related matters for The University of North Carolina or a constituent institution, or for an agency, commission, or board of the State of North Carolina.

23.     N.C. Gen. Stat. §§ 84-4 through 84-8 prohibit the "unauthorized practice of law." At issue here are the UPL Statutes (N.C. Gen. Stat. §§ 84-4 and 84-5), which

prohibit the practice of law by persons who are not members of the State Bar and the practice of law by corporations, respectively.

24.     N.C. Gen. Stat. § 84-4 prohibits the practice of law in North Carolina by "any person or association of persons, except active members of the Bar of the State of North Carolina . . . ."

25.     N.C. Gen. Stat. § 84-5 prohibits the practice of law by any corporation:

> It shall be unlawful for any corporation to practice law or appear as an attorney for any person in any court in this State, or before any judicial body or the North Carolina Industrial Commission, Utilities Commission, or the Department of Commerce, Division of Employment Security, or hold itself out to the public or advertise as being entitled to practice law; and no corporation shall organize corporations, or draw agreements, or other legal documents, or draw wills, or practice law, or give legal advice, or hold itself out in any manner as being entitled to do any of the foregoing acts, by or through any person orally or by advertisement, letter or circular.  The provisions of this section shall be in addition to and not in lieu of any other provisions of Chapter 84.

26.     Violation of either of the UPL Statutes is punishable as a Class 1 misdemeanor pursuant to N.C. Gen. Stat. § 84-8.

27.     District attorneys, including Defendants Freeman and Henderson, are required to prosecute persons, corporations, or associations for alleged violations of the UPL Statutes pursuant to N.C. Gen. Stat. § 84-7, which provides:

> The district attorney of any of the superior courts shall, upon the application of any member of the Bar, or of any bar association, of the State of North Carolina, bring such action in the name of the State as may be proper to enjoin any such person, corporation, or association of persons who it is alleged are violating the provisions of G.S.  84-4 to 84-8, and

> it shall be the duty of the district attorneys of this State to indict any person, corporation, or association of persons upon the receipt of information of the violation of the provisions of G.S. 84-4 to 84-8.

(emphasis added).

28.     As the District Attorneys for Wake and Guilford counties, Defendants Freeman and Henderson have responsibility under the UPL Statutes for prosecuting violations of the UPL Statutes in the districts where CAI has its offices.

## III.    The UPL Statutes criminalize the provision of efficient, low-cost legal advice and services through licensed attorneys employed by nonprofit membership associations.

29.     The human resources, compliance, and day-to-day management needs of CAI members often include the need for legal advice or services.

30.     Under the UPL Statutes, CAI is forbidden from offering any legal advice and services to its members because its provision of legal services, including any communications to members that contain legal advice, would constitute the unauthorized practice of law.

31.     The A&R Team often receives questions from CAI members that require answers that, arguably, require some component of legal analysis.  Because of the UPL Statutes, CAI is faced with the predicament of either giving incomplete or unsatisfactory responses to its members' questions or providing full and complete responses at the risk of facing criminal prosecution.

32.     To the extent any member now asks a question calling for legal advice or services, CAI can respond only by recommending that the member obtain its own legal

- 9 -

counsel. Because some members cannot afford the cost of seeking advice from a privately retained lawyer or instead conclude that such advice is not worth the time and cost of obtaining private counsel, they may well act without the benefit of any legal counsel at all.

33. By way of example and without limitation, CAI member ATCOM Business Technology Systems ("ATCOM"), headquartered in Durham, North Carolina, has required advice and services for human resources-related issues that necessarily required legal advice or services in addition to the information, advice, and guidance currently provided by CAI to its members. ATCOM has been unable to obtain complete, low-cost, and efficient human resources-related information, advice, education, and other benefits and services to meet its needs from CAI because even CAI employees who are licensed North Carolina attorneys must refrain from giving legal advice due to the UPL Statutes. In such situations, ATCOM typically does not seek separate advice from outside attorneys due to the time and expense. On one occasion, however, ATCOM paid more than $5,000 in attorneys' fees to respond to a straightforward EEOC charge.

A.   **Licensed attorneys employed by CAI are capable of providing sound, ethical legal advice and services to CAI members.**

34. Although CAI currently employs two attorneys who are both members in good standing of the North Carolina State Bar, those attorneys are prohibited by the UPL Statutes from doing what they are educated and licensed to do: give legal advice. Instead, the attorneys employed by CAI now can only provide non-legal information,

advice, data, education, legislative advocacy, and other benefits and services to CAI members.

35.     CAI faces a credible threat of prosecution if it engages in the lawful conduct of employing licensed attorneys to provide legal advice and services to its members. On May 28, 2013, the North Carolina State Bar Ethics Committee issued Proposed Ethics Decision 2013-2 in response to inquiries by CAI related to its desire to provide legal advice and services to its members. The Ethics Committee opined that if a lawyer employed by CAI were to give legal advice, it would constitute the unauthorized practice of law in violation of N.C. Gen. Stat. §§ 84-4 and 84-5.

36.     There is no rational reason to prohibit licensed North Carolina attorneys employed by CAI—a nonprofit business association—from giving legal advice and services to CAI members. Regardless of their employment with CAI, those attorneys remain fully accountable to the North Carolina State Bar for the fulfillment of all their professional and ethical responsibilities.

37.     Licensed attorneys employed by CAI are and would be knowledgeable and experienced in employment law as well as in management and employee-relations issues that often intersect with employment-law issues.[1] CAI attorneys could render to CAI members competent legal advice, transactional services (e.g., drafting employment agreements), and representation in administrative matters (e.g., responding to

---

[1] For example, CAI currently employs an actively licensed North Carolina attorney who has chaired the Labor and Employment law Section of the North Carolina Bar Association, was rated AV by Martindale-Hubbell while in private practice, and was first listed in The Best Lawyers in America in 2001 in the field of Labor and Employment Law.

- 11 -

discrimination charges before the U.S. Equal Employment Opportunity Commission (EEOC)).

38.   If not prevented by the UPL Statutes from doing so, CAI attorneys are and would be familiar with the needs of member businesses through the provision of comprehensive information, advice, education, and services—both legal and non-legal.

39.   CAI attorneys are and would be in a unique position to provide comprehensive, efficient, and cost-effective information, advice, and services to meet the needs of CAI members and fulfill CAI's purpose as a nonprofit membership association.

40.   CAI and its members, therefore, want to utilize CAI's presently employed attorneys—and additional licensed North Carolina attorneys employed by it in the future—to provide legal advice and services without fear of criminal prosecution in conjunction with the non-legal advice and services CAI currently provides to members.

**B.   The UPL Statutes presently prohibit the giving of legal advice and services by licensed attorneys employed by CAI.**

41.   Because of the UPL Statutes and the threat of prosecution, CAI currently cannot and will not provide legal advice or services to its members in conjunction with the information, advice, data, education, legislative advocacy, and other benefits and services it currently provides.

42.   CAI members associate, through CAI, for the purpose of helping and advising one another in matters related to their businesses' human resources, compliance, and management needs.  Importantly, members join CAI in order to make available and to receive cost-effective help and advice.

- 12 -

43. However, the UPL Statues prohibit CAI members from receiving the full extent of information, advice, and services they need and desire in a cost-effective manner to address their human resources, compliance, and management needs. The UPL Statutes prevent CAI members from associating to secure legal advice and services well-suited to their workplace needs as effectively and economically as possible. In lieu of receiving legal advice and services in conjunction with other information, advice, data, education, legislative advocacy, and services they obtain and share efficiently through CAI, CAI members are forced to choose between identifying competent counsel, expending the time required to engage them, and paying the hourly rates charged on the one hand, or foregoing legal counsel altogether on the other.

44. CAI's inability—for fear of prosecution—to provide legal advice and services in conjunction with its non-legal information, advice, data, education, legislative advocacy, and services relating to members' human resources, compliance, and management needs reduces the efficiency and increases the cost of obtaining the advice and services necessary for each member to promote successful and productive relationships with their employees.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983: Violation of Due Process
### (Arbitrary Restriction of the Practice of Law)

45. The allegations contained in the foregoing paragraphs are repeated, realleged, and incorporated herein by reference as if fully set forth.

- 13 -

46.     The Fourteenth Amendment to the United States Constitution provides: "No state shall . . . deprive any person of life, liberty, or property, without due process of law[.]"

47.     The Due Process Clause of the Fourteenth Amendment guarantees that a State cannot prevent a person from practicing a profession for an arbitrary or capricious reason.

48.     N.C. Gen. Stat. § 84-4 prohibits an unlicensed "association of persons" from giving "legal advice or counsel."

49.     N.C. Gen. Stat. § 84-5 prohibits "any corporation to practice law[.]" It further provides that "no corporation shall . . . practice law, or give legal advice[.]"

50.     N.C. Gen. Stat. §§ 84-4 and 84-5 prevent CAI from practicing law—by, *inter alia*, prohibiting CAI from employing licensed attorneys to offer legal advice and services to CAI's members—for arbitrary and capricious reasons.

51.     In implementing and enforcing N.C. Gen. Stat. §§ 84-4 and 84-5, Defendants are, under color of state law, depriving CAI of its due process rights.

52.     CAI is therefore entitled to declaratory relief pursuant to 28 U.S.C. § 2201 declaring the UPL Statutes as applied to CAI to be unconstitutional and to preliminary and permanent injunctive relief enjoining Defendants from prosecuting CAI for providing legal advice and services to its members through licensed attorneys that it employs.

53.     CAI is further entitled to an award of its costs in this action, including attorneys' fees, pursuant to 42 U.S.C. § 1988.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983: Violation of First Amendment Right to Associate
### (Associational Right to Legal Services)

54.    The allegations contained in the foregoing paragraphs are repeated, realleged, and incorporated herein by reference as if fully set forth.

55.    The First Amendment to the United States Constitution provides: "Congress shall make no law . . . abridging . . . the right of the people peaceably to assemble[.]"  The First Amendment is made applicable to the States by the Fourteenth Amendment.

56.    The First Amendment guarantees an association's right to provide legal services to its members.

57.    N.C. Gen. Stat. § 84-4 prohibits an unlicensed "association of persons" from giving "legal advice or counsel."

58.    N.C. Gen. Stat. § 84-5 prohibits "any corporation to practice law[.]"  It further provides that "no corporation shall . . . practice law, or give legal advice[.]"

59.    N.C. Gen. Stat. §§ 84-4 and 84-5 deprive CAI of its right to provide legal advice and services to its member by, *inter alia*, prohibiting CAI from employing licensed attorneys to offer legal advice and services to CAI's members.  Conversely, N.C. Gen. Stat. §§ 84-4 and 84-5 deprive CAI's members of their right to associate to provide legal advice and services to one another through CAI.

60.    The Second Cause of Action is asserted by CAI both on behalf of itself and on behalf of its members.

- 15 -

61.     In implementing and enforcing N.C. Gen. Stat. §§ 84-4 and 84-5, Defendants are, under color of state law, depriving CAI of its First Amendment rights.

62.     CAI is therefore entitled to declaratory relief pursuant to 28 U.S.C. § 2201 declaring the UPL Statutes as applied to CAI to be unconstitutional and to preliminary and permanent injunctive relief enjoining Defendants from prosecuting CAI for providing legal advice and services to its members through licensed attorneys that it employs.

63.     CAI is further entitled to an award of its costs in this action, including attorneys' fees, pursuant to 42 U.S.C. § 1988.

### THIRD CAUSE OF ACTION
**42 U.S.C. § 1983:  Violation of First Amendment Right to Free Speech**
**(Censorship Based on Content and Corporate Identity)**

64.     The allegations contained in the foregoing paragraphs are repeated, realleged, and incorporated herein by reference as if fully set forth.

65.     The First Amendment to the United States Constitution provides: "Congress shall make no law . . . abridging the freedom of speech[.]"  The First Amendment is made applicable to the States by the Fourteenth Amendment.

66.     The First Amendment guarantees that a State cannot prevent a person from speaking based on either (a) the content of the speech or (b) the identity of the speaker.

67.     N.C. Gen. Stat. § 84-4 prohibits an unlicensed "association of persons" from giving "legal advice or counsel."

68.     N.C. Gen. Stat. § 84-5 prohibits "any corporation to practice law[.]"  It further provides that "no corporation shall . . . practice law, or give legal advice[.]"

- 16 -

69.     N.C. Gen. Stat. §§ 84-4 and 84-5 deprive CAI of its free-speech rights by prohibiting CAI from speaking, through licensed attorneys, to its members when the content of the speech is legal advice.  N.C. Gen. Stat. §§ 84-4 and 84-5 also deprive CAI of its free-speech rights by prohibiting CAI from offering legal advice solely because of CAI's corporate identity.

70.     In implementing and enforcing N.C. Gen. Stat. §§ 84-4 and 84-5, Defendants are, under color of state law, depriving CAI of its First Amendment rights.

71.     CAI is therefore entitled to declaratory relief pursuant to 28 U.S.C. § 2201 declaring the UPL Statutes as applied to CAI to be unconstitutional and to preliminary and permanent injunctive relief enjoining Defendants from prosecuting CAI for providing legal advice to its members through licensed attorneys that it employs.

72.     CAI is further entitled to an award of its costs in this action, including attorneys' fees, pursuant to 42 U.S.C. § 1988.

**FOURTH CAUSE OF ACTION**
**42 U.S.C. § 1983:  Violation of First Amendment and Due Process**
**(Unconstitutionally Vague)**

73.     The allegations contained in the foregoing paragraphs are repeated, realleged, and incorporated herein by reference as if fully set forth.

74.     The First Amendment to the United States Constitution provides: "Congress shall make no law . . . abridging the freedom of speech[.]"  The First Amendment is made applicable to the States by the Fourteenth Amendment.

75.     The Fourteenth Amendment to the United States Constitution provides: "No state shall . . . deprive any person of life, liberty, or property, without due process of law[.]"

76.     The First Amendment and the Due Process Clause of the Fourteenth Amendment guarantee that a law cannot criminalize an act—in particular, engaging in speech—in terms so vague that persons of common intelligence must necessarily guess at the law's meaning and differ as to the law's application.

77.     N.C. Gen. Stat. § 84-4 prohibits an unlicensed "association of persons" from giving "legal advice or counsel."

78.     N.C. Gen. Stat. § 84-5 prohibits "any corporation to practice law[.]" It further provides that "no corporation shall . . . practice law, or give legal advice[.]"

79.     N.C. Gen. Stat. §§ 84-4 and 84-5 are unconstitutionally vague in that the statutes do not adequately define "legal advice" in terms that enable CAI to conform its current conduct—i.e., offering non-legal advice to its members—to the requirements of the law.

80.     In implementing and enforcing N.C. Gen. Stat. §§ 84-4 and 84-5, Defendants are, under color of state law, depriving CAI of its First Amendment and due process rights.

81.     CAI is therefore entitled to declaratory relief pursuant to 28 U.S.C. § 2201 declaring the UPL Statutes to be unconstitutional and to preliminary and permanent

- 18 -

injunctive relief enjoining Defendants from prosecuting CAI for providing legal advice to its members through licensed attorneys that it employs.

82.    CAI is further entitled to an award of its costs in this action, including attorneys' fees, pursuant to 42 U.S.C. § 1988.

**FIFTH CAUSE OF ACTION**
**42 U.S.C. § 1983:  Violation of First Amendment Right to Free Speech**
**(Commercial Speech)**

83.    The allegations contained in the foregoing paragraphs are repeated, realleged, and incorporated herein by reference as if fully set forth.

84.    The First Amendment to the United States Constitution provides: "Congress shall make no law . . . abridging the freedom of speech[.]"  The First Amendment is made applicable to the States by the Fourteenth Amendment.

85.    The First Amendment guarantees that a State cannot prohibit non-misleading commercial speech unless the prohibition is supported by a substantial government interest, the prohibition directly advances that interest, and the prohibition is not more extensive than necessary to serve the government's interest.

86.    N.C. Gen. Stat. § 84-4 prohibits an unlicensed "association of persons" from holding themselves out as competent to give legal advice or counsel.

87.    N.C. Gen. Stat. § 84-5 prohibits "any corporation to . . . hold itself out to the public or advertise as being entitled to practice law[.]"  It further provides that "no corporation shall . . . hold itself out in any manner as being entitled to do any of the foregoing acts, by or through any person orally or by advertisement, letter or circular."

- 19 -

88.     N.C. Gen. Stat. §§ 84-4 and 84-5 deprive CAI of its free-speech rights by prohibiting CAI from advertising itself as able and competent to offer legal advice and services to its members.

89.     In implementing and enforcing N.C. Gen. Stat. §§ 84-4 and 84-5, Defendants, under color of state law, depriving CAI of its First Amendment rights.

90.     CAI is therefore entitled to declaratory relief pursuant to 28 U.S.C. § 2201 declaring the UPL Statutes as applied to CAI to be unconstitutional and to preliminary and permanent injunctive relief enjoining Defendants from prosecuting CAI for advertising the services available to its members, including certain legal advice and services.

91.     CAI is further entitled to an award of its costs in this action, including attorneys' fees, pursuant to 42 U.S.C. § 1988.

## SIXTH CAUSE OF ACTION
### (Violation of Article I, Section 34 of the N.C. Constitution)

92.     The allegations contained in the foregoing paragraphs are repeated, realleged, and incorporated herein by reference as if fully set forth.

93.     N.C. Gen. Stat. § 84-4 prohibits an unlicensed "association of persons" from giving "legal advice or counsel."

94.     N.C. Gen. Stat. § 84-5 prohibits "any corporation to practice law[.]"   It further provides that "no corporation shall . . . practice law, or give legal advice[.]"

95.     Article I, section 34 of the North Carolina Constitution states:  "Perpetuities and monopolies are contrary to the genius of a free state and shall not be allowed."

- 20 -

96.     Article I, section 34 prohibits the State from establishing a monopoly by granting an exclusive privilege to a limited class to earn a livelihood by a specific means.

97.     N.C. Gen. Stat. §§ 84-4 and 84-5 establish a monopoly by granting an exclusive privilege to a particular class—licensed attorneys providing professional services through particular channels such as law firms and solo practices.

98.     The State's establishment of a monopoly for licensed attorneys practicing through particular channels precludes CAI from earning revenues by employing licensed attorneys to provide legal advice and services to its members.

99.     N.C. Gen. Stat. §§ 84-4 and 84-5 are not reasonably necessary to promote a public good or prevent a public harm, rather, N.C. Gen. Stat. §§ 84-4 and 84-5 are addressed to the interests of a particular class.

100.    CAI is therefore entitled to declaratory relief pursuant to 28 U.S.C. § 2201 declaring the UPL Statutes as applied to CAI to be unconstitutional and to preliminary and permanent injunctive relief enjoining Defendants from prosecuting CAI for advertising the services available to its members, including certain legal advice and services.

**WHEREFORE**, Plaintiff respectfully prays the Court:

1.      Declare that N.C. Gen. Stat. §§ 84-4 and 84-5 violate CAI's due process rights, guaranteed by the Fourteenth Amendment, by preventing CAI from offering and providing legal advice and services for arbitrary and capricious reasons;

- 21 -

2.     Declare that N.C. Gen. Stat. §§ 84-4 and 84-5 violate (1) CAI of its associational right, guaranteed by the First Amendment, to employ licensed attorneys to offer legal advice and services to CAI's members and (2) CAI's members of their associational right, guaranteed by the First Amendment, to associate to provide legal services to one another;

3.     Declare that N.C. Gen. Stat. §§ 84-4 and 84-5 violate CAI's free-speech rights, guaranteed by the First Amendment, by prohibiting CAI from (1) speaking, through licensed, attorneys, to its members when the content of the speech is legal advice and (2) offering legal advice solely because of CAI's corporate identity;

4.     Declare that N.C. Gen. Stat. §§ 84-4 and 84-5 violate the First Amendment and the Fourteenth Amendment to the extent the statutes are impermissibly vague in defining "legal advice";

5.     Declare that N.C. Gen. Stat. §§ 84-4 and 84-5 violate the First Amendment to the extent the statutes prohibit CAI from advertising itself as able and competent to offer legal advice and services to its members;

6.     Declare that N.C. Gen. Stat. §§ 84-4 and 84-5 violate Article I, section 34 of the North Carolina Constitution by granting  an exclusive privilege to a particular class of licensed attorneys;

7.     Preliminarily and permanently enjoin Defendants and other state agencies—as well as their agents, officers, and employees—from taking any action that would interfere with CAI (1) offering or delivering to its members—through CAI

employees who are licensed to practice law in North Carolina—legal advice and services and (2) publicly advertising the availability of such legal advice and services for its members;

8.      Award CAI its costs, disbursements, and reasonable attorneys' fees incurred in bringing this action pursuant to 42 U.S.C. § 1988; and

9.      Grant such other relief the Court deems just and appropriate.

This the 23rd day of January, 2015.

/s/ Craig D. Schauer
Reid L. Phillips
  N.C. State Bar No. 7968
  Email:  rphillips@brookspierce.com
Jennifer Van Zant
  N.C. State Bar No.  21280
  Email:  jvanzant@brookspierce.com
Charles E. Coble
  N.C. State Bar No. 25342
  Email:  ccoble@brookspierce.com
Craig D. Schauer
  N.C. State Bar No. 41571
  Email:  cschauer@brookspierce.com
Kimberly M. Marston
  N.C. State Bar No. 46231
  Email:  kmarston@brookspierce.com
*Attorneys for Plaintiff*

OF COUNSEL:
BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, L.L.P.
Post Office Box 26000
Greensboro, NC  27420-6000
Telephone:    336-373-8850
Facsimile:      336-378-1001